**In re: MUNICIPAL DERIVATIVES ANTITRUST LITIGATION.**

**MDL No. 1950.**

United States Judicial Panel on Multidistrict Litigation.

June 16, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman,* J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

* Judges Heyburn and Motz took no part in the     decision of this matter.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiff in both District of District of Columbia actions moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the District of District of Columbia of the three actions listed on Schedule A. The plaintiff's motion encompasses two actions in the District of District of Columbia and one action in the Southern District of New York.[1] Plaintiff in the Southern District of New York action and Bank of America, N.A., defendant in one District of District of Columbia action and the Southern District of New York action, support the motion.[2]

The other responding parties also agree that centralization is appropriate, but disagree upon the selection of the transferee district. Twenty-six other defendants[3] suggest the Southern District of New York as transferee district, a choice which is also supported by the plaintiff in the Southern District of New York potential tag-along action. Plaintiff in the Northern District of California potential tag-along action proposes the Northern District of California as the transferee district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five pending actions allege one or more conspiracies to rig bids and fix, maintain and/or stabilize interest rates provided on municipal derivatives to state and local municipalities in the United States; all five actions purport to be nationwide class actions and include claims for violation of federal antitrust law. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the center of gravity for this litigation is New York City and that the Southern District of New York is an appropriate transferee forum for this docket. The alleged wrongful activities are intimately connected to the New York financial markets, many of the defendants are headquartered in New York City, the government investigation is ongoing in the Southern District of New York, and relevant documents and witnesses are likely to be found there. Also,

1. The parties have notified the Panel of two additional actions related to this litigation and pending, respectively, in the Northern District of California and the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5 R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. The moving plaintiff also represents that the other plaintiffs in the District of District Columbia actions support the motion.

3. JPMorgan Chase & Co.; AIG Financial Products Corp.; AIG SunAmerica Life Assur-ance Co.; Bear, Stearns & Co. Inc.; Cain Brothers & Co., LLC; CDR Financial Products; Financial Security Assurance Holdings Ltd.; Financial Security Assurance, Inc.; First Southwest Co.; GE Funding Capital Market Services; Genworth Financial, Inc.; Investment Management Advisory Group, Inc.; Lehman Brothers Inc.; Merrill Lynch & Co., Inc.; Morgan Keegan & Co., Inc.; Morgan Stanley; Natixis Funding Corp.; Natixis S.A.; PackerKiss Securities, Inc.; Societe Generale, S.A.; Sound Capital Management, Inc.; Trinity Funding Co., LLC; UBS AG; Wachovia Bank, N.A.; XL Asset Funding Co., LLC; and XL Life Insurance & Annuity Co.

the judge to whom we are assigning this litigation is already presiding over two actions, encompassing all defendants, and is not currently presiding over a multidistrict litigation docket. Transfer to this district also has the support of most defendants as well as one named plaintiff.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Victor Marrero for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 1950 — **IN RE: MUNICIPAL DERIVATIVES ANTITRUST LITIGATION**

*District of District of Columbia*

*Fairfax County, Virginia, et al. v. PackerKiss Securities, Inc., et al.,* C.A. No. 1:08–432

*Fairfax County, Virginia, et al. v. Bank of America,* C.A. No. 1:08–433

*Southern District of New York*

*Hinds County, Mississippi v. Wachovia Bank, N.A., et al.,* C.A. No. 1:08–2516